IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FILLISA HUEY, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                    PLAINTIFFS

v.                                              CIVIL ACTION NO. 4:19-CV-00153-GHD-JMV

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY                                                      DEFENDANT

## ORDER GRANTING JOINT MOTION TO STAY, GRANTING JOINT MOTION TO EXTEND BRIEFING DEADLINES, AND GRANTING MOTION TO WITHDRAW

Presently before the Court, in this action that was recently assigned to the undersigned after the recusal of the originally assigned District Judge, are three joint or unopposed motions: (1) a joint motion to stay these proceedings based on a pending Fifth Circuit decision in a case raising similar issues [20]; (2) a joint motion [24] extending the parties' deadlines related to briefing the Defendant's pending motion to dismiss [15]; and (3) the Defendant's unopposed motion [21] to withdraw its previously filed motion to strike on of the Plaintiffs' class action claims [17]. Upon due consideration, the Court finds that the three subject motions should be granted.

First, the parties have filed a joint motion seeking to have the Court stay these proceedings pending an impending ruling by the Fifth Circuit in the matter of *Mitchell v. State Farm Fire & Casualty Company*, No. 18-60776 (consolidated with No. 19-60201) (5th Cir.), the resolution of which will likely materially impact the claims pending in this case. The parties in *Mitchell* have completed briefing in the Fifth Circuit and oral argument on the matter was conducted on October 7, 2019. Both the plaintiffs in *Mitchell* and the Plaintiffs in the case *sub judice* allege, *inter alia*, breach of contract based on the respective defendant insurers' alleged depreciation of labor and non-materials in the calculation of the "actual cash value" amounts regarding the payment of

1

homeowners' structural damage claims. Based on this direct overlap between issues pending decision in the *Mitchell* appeal and in this case, the parties herein aver, and the Court agrees, that the outcome of the *Mitchell* appeal will be directly relevant to the issues raised in this matter.

It is axiomatic that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997 (internal citation omitted); see also *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Given the importance of the impending *Mitchell* decision on issues pending in the case *sub judice*, the Court finds that a stay of these proceedings is warranted. See *McGregory v. 21st Century Ins. & Fin. Servs., Inc.*, No. 1:15-CV-00098-DMB-DAS, 2016 WL 11643678, at *2, *5 (N.D. Miss. Feb. 2, 2016) (granting opposed motion to stay pending resolution of separate case, and stating "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The parties shall inform the Court of the outcome in the *Mitchell* appeal within ten days of the date the Fifth Circuit issues its ruling.

The parties further jointly move the Court to extend the briefing deadlines related to the Defendant's pending motion to dismiss [15], which was filed on January 3, 2020. Given that the Court is staying these proceedings, the parties' motion to extend shall likewise be granted. The Plaintiffs shall file any response to the Defendant's pending motion to dismiss within fourteen days of the date the parties inform the Court of the Fifth Circuit's ruling in *Mitchell*. The Defendant shall then in turn file any rebuttal in support of its pending motion to dismiss within seven days of the date the Plaintiffs file any response to the subject motion to dismiss.

Finally, the Defendant moves to withdraw as moot its previously filed Motion to Strike Class Allegations [17]. Given the filing of the Plaintiffs' Amended Complaint, which removed the allegations the Defendant sought to strike, and the unopposed nature of the motion, the Court finds that the Defendant's motion to withdraw should be granted, and the Defendant's motion to strike withdrawn as moot.

ACCORDINGLY, it is HEREBY ORDERED that:

(1) the parties' joint motion to stay these proceedings [20] is GRANTED; these proceedings are hereby STAYED in their entirety pending the Fifth Circuit's ruling in *Mitchell v. State Farm Fire & Casualty Company*, Case No. 18-60776 (consolidated with Case No. 19-60201); the parties shall notify this Court within ten days of the issuance of the Fifth Circuit's ruling in *Mitchell*, at which time the stay of these proceedings will be lifted;

(2) the parties' joint motion to extend briefing deadlines [24] is GRANTED given that these proceedings have been stayed; the Plaintiffs shall file any response to the Defendant's pending motion to dismiss [15] within fourteen days of the date the parties inform the Court of the Fifth Circuit's ruling in the *Mitchell* appeal; the Defendant shall then in turn file any rebuttal in support of its motion to dismiss within seven days of the date the Plaintiffs file any response to the subject motion to dismiss; and

(3) the Defendant's motion to withdraw as moot [21] its previously-filed Amended Motion to Strike [17] is GRANTED; the Defendant's Amended Motion to Strike [17] is therefore hereby WITHDRAWN AS MOOT.

SO ORDERED, this, the 29th day of January, 2020.

_____
SENIOR U.S. DISTRICT JUDGE