IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

FILLISA HUEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED — PLAINTIFFS

v. — CIVIL ACTION NO. 4:19-CV-00153-GHD-JMV

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY — DEFENDANT

OPINION DENYING MOTION TO DISMISS AND LIFTING STAY OF PROCEEDINGS

Presently before the Court in this putative class action insurance dispute is the Defendant's Amended Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [15, 30]. Upon due consideration and as set forth below, the Court finds that the motion should be denied. Further, the Court shall lift the stay of proceedings that was entered in this matter on January 29, 2020 [27, 29].

## I. Factual and Procedural Background[1]

The Plaintiff, Fillisa Huey, maintains a residence in Cleveland, Mississippi. [First Amended Class Action Complaint, Doc. No. 14, at 1]. Huey insured the residence under a Homeowners Policy, No. 810268968, written by the Defendant Allstate Vehicle and Property Insurance Company, and paid the requisite annual premiums for the coverage. [*Id.* at 2]. The policy provides, *inter alia,* that payment for covered loss may be for "Actual Cash Value," ("ACV"), which may include a deduction for depreciation of certain costs. [*Id.* at 3].

In February 2017, while insured under the policy, Plaintiff's residence suffered direct

[1] On a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

physical damage by a covered named peril. [*Id.*] The Plaintiff immediately notified the Defendant of the loss and made a claim under the insurance policy. [*Id.*] The Defendant inspected the Plaintiff's residence and determined that the loss was covered under the insurance policy. [*Id.*]

On February 16, 2017, the Defendant notified the Plaintiff that the payment she was receiving was the ACV as calculated by Defendant. [*Id.* at 3-4]. In calculating the Plaintiff's ACV payment, the Defendant deducted depreciation from the replacement cost value (RCV).[2] [*Id.*] The Plaintiff alleges that Defendant's method of calculating the ACV resulted in a payment amount that is lower than the amount Plaintiff should have received under the Policy. [*Id.* at 4]. The Plaintiff argues that Defendant, in calculating the ACV, depreciated costs associated with labor; the Plaintiff asserts that labor should not be depreciated because it does not depreciate in value over time and because the policy language is ambiguous regarding the depreciation of labor costs. [*Id.* at 4-5]. Based on Defendant's alleged practice of depreciating labor costs, the Plaintiff avers that her ACV payment was less than the amount she was entitled to receive under the policy, and that the Defendant thus breached its obligations under the policy.

The Plaintiff filed her Complaint in this matter on October 11, 2019 [1]; she then filed an Amended Complaint on January 3, 2020 [14]. In the Amended Complaint, the Plaintiff alleges that the Defendant breached its contractual duty to pay Plaintiff and members of the proposed class the true ACV of their claims by wrongfully depreciating labor costs (Count I); the Plaintiff also seeks a declaratory judgment decreeing that the policy, as written, prohibits the Defendant from depreciating labor costs when calculating losses and ACV (Count II). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Defendant now moves to dismiss Plaintiff's entire complaint.

---

2 The Defendant calculated that the Replacement Cost Value of the Plaintiff's property was $164,202.86; it reduced the value by $31,471.42 for depreciation. [*Id.* at 4].

## II. Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## III. Analysis[3]

### A. Claim for Breach of Contract (Count I)

The Plaintiff asserts that the Defendant breached the parties' contract of insurance by depreciating the value of labor in determining the amount of the Plaintiff's ACV payment under the policy. [Doc. 14, at 4]. Assuming the facts in the complaint are true and construing them in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has sufficiently pled a breach of contract claim.

"Mississippi treats insurance policies as contracts, which 'are to be enforced according to their provisions.'" *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *Noxubee Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So.2d 1159, 1166 (Miss. 2004)). A contract "must be interpreted as written" only if it is "clear and unambiguous." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC.*, 751 F.3d 684, 688 (5th Cir. 2014) (quoting *U.S. Fid. & Guar. Co. of Miss. v. Martin*, 998 So.2d 956, 963 (Miss. 2008)). Ambiguity exists when the "policy language is susceptible of two or more reasonable interpretations." *Miss. Farm Bureau Cas. Ins. v. Britt*, 826 So.2d 1261, 1265 (Miss. 2002). "Under Mississippi law, ambiguous and unclear policy language must be resolved in favor of the non-drafting party—the insured." *Noxubee Cty. Sch. Dist. v. United Nat. Ins. Co.*, 883 So.2d 1159, 1165 (Miss. 2004) (citing *Harrison v. Allstate Ins. Co.*, 662 So.2d 1092, 1094 (Miss. 1995)). In reviewing policy terms, the "terms used in the insurance policy should be understood in their plain,

---

[3] The asserted basis for federal jurisdiction in this matter is 28 U.S.C. § 1332(d), known as the Class Action Fairness Act ("CAFA"). [Doc. 14, at 2]. Because CAFA is based on diversity jurisdiction, courts apply the substantive law of the forum state. *Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008). Under Mississippi law, a breach of contract claim requires a showing of "(1) 'the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enterprises of Mississippi, LLC.*, No. 2017-CA-00173-SCT, 2018 WL 774010, at *8 (Miss. Feb. 8, 2018) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).

ordinary, and popular sense rather than in a philosophical or scientific sense." *Blackledge v. Omega Ins. Co.*, 740 So.2d 295, 298 (Miss. 1999). "[A] policy should be drafted to accommodate the average person who will give its terms a general reading. An insurance policy should be strictly construed against the insurer, and the insurer has the burden of phrasing the terms in clear language." *Conner v. Am. Pub. Life Ins. Co.*, 448 F.Supp.2d 762, 766 (N.D. Miss. 2006) (quoting *Burton v. Choctaw County*, 730 So.2d 1, 9 (Miss. 1997)).

In the case *sub judice*, as is the case in several other cases pending in various Mississippi federal courts against several different insurers, the terms "depreciation" and "actual cash value" are at issue. The Plaintiff argues that the terms are ambiguous because the policy fails to specify that labor costs may be depreciated when calculating ACV; the Defendant argues that the policy terms are unambiguous because, in Mississippi, "actual cash value" is "generally understood to mean 'replacement cost less depreciation,'" and Mississippi state courts have yet to specifically interpret ACV to prohibit labor cost depreciation.

Both the Fifth Circuit Court of Appeals, in affirming a decision issued by another district court in this state, and this Court in a previous decision, have held, however, in cases with policies of insurance that contain language substantially similar to the one at issue here, that the term "actual cash value," as it relates to the depreciation of labor costs, is ambiguous and thus is construed against the drafter of the policy, the insurer.[4] *Mitchell v. State Farm Fire & Cas. Co.*, 345 F. Supp. 3d 847, 853 (N.D. Miss. 2018), *aff'd* 954 F.3d 700 (5th Cir. 2020) (affirming district

---

4 Several courts outside of Mississippi have dealt with similar ACV questions. State courts in Minnesota, Oklahoma, Nebraska, and Florida have found that the term "ACV" allows an insurer to depreciate labor costs. *Wilcox v. State Farm Fire & Cas. Co.*, 874 N.W.2d 780 (Minn. 2016); *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1021 (Okla. 2002); *Henn v. Am. Family Mut. Ins. Co.*, 295 Neb. 859, 894 N.W.2d 179, 190 (2017); *Goff v. State Farm Florida Ins. Co.*, 999 So.2d 684, 689 (Fla. Dist. Ct. App. 2008). Other courts, however, in the states of Arkansas, Missouri, and Kentucky have found in the opposite. *Adams v. Cameron Mut. Ins. Co.*, No. 2:12-cv-02173-PKH, 2013 WL 1876660 (W.D. Ark. 2013); *Riggins v. Am. Family Mut. Ins. Co.*, 106 F.Supp.3d 1039 (W.D. Mo. 2015); *Brown v. Travelers Cas. Ins. Co. of Am.*, No. 15-50, 2016 WL 1644342 (E.D. Ky. Apr. 25, 2016).

was ambiguous and thus, under Mississippi law, must be interpreted in favor of the insured in relation to the depreciation of labor); *Titan Exteriors, Inc. v. Certain Underwriters at Lloyd's*, 297 F. Supp. 3d 628 (N.D. Miss. 2018) (this Court holding that undefined term "actual cash value" is ambiguous and thus the ambiguity must be resolved in favor of the insured). Accordingly, the Court finds, as it did in *Titan Exteriors* and as the Fifth Circuit affirmed in *Mitchell*, that the term "actual cash value" in the subject policy is ambiguous and can be interpreted to either include or exclude labor cost depreciation; the Court thus resolves that ambiguity in favor of the Plaintiff, as Mississippi law directs. *Noxubee Cty. Sch. Dist.*, 883 So.2d at 1165.

As for the Plaintiff's specific allegations, in Count I of the Complaint, the Plaintiff sets forth several specific allegations regarding the Defendant's payment of ACV, including that labor costs were depreciated in her claim, that the policy does not permit the depreciation of labor costs, that she was thus underpaid on her ACV claim, and that the Defendant has therefore breached its obligations under the policy. [Doc. 14, at 3-5]. Given that the Court has found, as it has previously held and as the Fifth Circuit recently held, that the term Actual Cash Value is ambiguous in relation to the depreciation of labor costs in the policy, the Court finds that the Plaintiff has stated a viable claim for breach of contract. Accordingly, the Court finds that, when viewed in the light most favorable to the Plaintiff, the facts alleged in the Complaint regarding the breach of contract claim against the Defendant are sufficiently pled to survive the Defendant's Rule 12(b)(6) motion to dismiss. The Defendant's motion to dismiss Count I of the Complaint for breach of contract shall therefore be denied.

### B. Claim for Declaratory Relief (Count II)

Pursuant to the Declaratory Judgment Act, this court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201. In Count II of

the Complaint, the Plaintiff seeks a declaration that the subject insurance policy prohibits the Defendant from depreciating labor costs in adjusting losses when calculating ACV. The Defendant argues that declaratory relief is not proper because the Plaintiff primarily seeks monetary damages in this matter.

The Court finds that, while the Plaintiff does seek monetary relief in relation to her claim for breach of contract, the request for declaratory relief is broader and is thus appropriate, at this juncture, because it seeks a declaration from the Court that the Defendant's practice of depreciating labor costs in calculating ACV payments is itself unlawful on an ongoing basis. Other district courts within the Fifth Circuit have ruled likewise in similar situations. See, e.g., *Verde Minerals v. Koerner*, No. 2:16-CV-199, 2017 WL 7052205, at *5 (S.D. Tex. Aug. 14, 2017) (allowing claims to proceed for both breach of covenant and for declaratory relief when continuing duty at issue); *Trammell Crow Residential Co. v. Virginia Surety Co.*, 643 F. Supp. 2d 844, 856 n.15 (N.D. Tex. 2008). In addition, Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Accordingly, the Court finds that Count II of the Complaint, which seeks a declaratory judgment that is otherwise appropriate, should not be dismissed at the present juncture.

## IV. Conclusion

For the above-stated reasons, the Court finds that the Plaintiff has pled sufficient facts, accepted as true, to state a claim for relief for breach of contract that is plausible on its face; in addition, the Court finds that the Plaintiff's claim for declaratory relief is appropriate at the present juncture. Accordingly, the Defendant's Amended Motion to Dismiss pursuant to Rule 12(b)(6) [15, 30] shall be denied. Further, the Court shall lift the stay of proceedings that was entered in

this cause on January 29, 2020 [27, 29].

An order in accordance with this opinion shall issue this day.

THIS, the 8th day of September, 2020.

SENIOR U.S. DISTRICT JUDGE