# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FILLISA HUEY**, individually and on behalf
of all others similarly situated,

      Plaintiff,

v.                                   Case No. 4:19-cv-00153-GHD-JMV

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**,

      Defendant.

## AGREED CONFIDENTIALITY ORDER

The parties agree to be bound by the below terms of this Confidentiality Agreement ("Agreement"):

1.     **Scope**. All materials produced or adduced in the course of this matter, including, but not limited to: initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Agreement concerning Confidential Information as defined below. This Agreement is subject to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Mississippi on matters of procedure and calculation of time periods.

2.     **Confidential Information**. As used in this Agreement, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY AGREEMENT" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial or

customer information or internal policies, guidelines, procedures, or handbooks that the party has maintained as confidential; (d) medical information concerning any individual; (e) personally sensitive information, including personally identifiable information (including, but not limited to, Social Security Numbers, dates of birth, drivers' license numbers), personal financial information (including, but not limited to, financial account numbers), and personal health information (including, but not limited to, medical records and other records of treatment and diagnosis); (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Any copies or reproductions, excerpts, summaries, compilations or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**

(a) A party may designate a document as Confidential Information for protection under this Agreement by placing or affixing the words "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Agreement, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT" to a document does not mean that

the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Agreement. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Agreement.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: no later than the fourteenth day after the final transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Agreement. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in

subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may only be disclosed to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1) Counsel. Counsel for the parties and those working on this litigation on behalf of counsel;

2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

3) The Court and its personnel and the jury;

4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions or any evidentiary hearing;

5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the

transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Agreement must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreement;

8) <u>Author or recipient</u>. The author or recipient of the document (not including a person who received the document in the course of litigation);

9) <u>Mediators or arbitrators.</u> Mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed by the Court;

10) <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Each person to whom Confidential Information is disclosed pursuant to subparagraphs 5(b)(6) and (10), above, shall execute a non-disclosure agreement in the form annexed to the motion for a protective order as Attachment A before receiving Confidential Information, or, if the disclosure first occurs in a deposition, shall affirm on the record that such person is bound by the terms of this Order. Counsel shall maintain the originals of Attachment A signed by persons acknowledging their obligations under this Agreement for a period of two years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, a failure to serve a timely Notice of Designation of deposition testimony as required by this Agreement, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential

Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Agreement. No party shall be found to have violated this Agreement for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Agreement does not, by itself, authorize the filing of any document under seal. Any party or non-party who wishes to have the Court consider, in connection with any motion or other pleading, any documents designated as confidential, or any information derivative thereof, shall provide such documents, appendix or exhibit(s) to chambers and to the non-filing parties and shall promptly move to have such confidential documents in the appendices or exhibits filed under seal, if the designating party desires continued confidential treatment of the documents. To the extent information derivative of such a document is incorporated in a brief or other written material submitted to court, such information shall be redacted from any public filing, unredacted copies shall be provided to chambers and to the non-filing parties, and the filing party shall promptly move for the unredacted version to be filed under seal. Once an application has been made to file an unredacted brief or exhibits or appendices under seal, while awaiting a ruling on such application, such documents shall not be publicly filed or otherwise made publicly available. To the extent the Court finds any document or information derivative thereof does not satisfy the requirements to be filed under seal, such document or information derivative thereof

may be filed publicly. To the extent this Order conflicts with L. U. Civ. R. 79, then L. U. Civ. R. 79 shall control. The party designating the document or information as confidential shall bear the burden of justifying the filing of confidential documents under seal in contravention of L. U. Civ. R. 79's presumption that all filed documents be a part of the public record.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Agreement, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Agreement unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by providing written notice identifying the specific information for which the designation is being challenged. The challenging party must proceed by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days of the meet and confer.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets

7

forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Agreement.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Agreement or any action or agreement of a party under this Agreement limits the Court's power to make orders concerning the disclosure of documents produced in discovery, any evidentiary hearing, or trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Agreement shall be construed to affect the use of any document, material, or information at any trial or hearing.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who

caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Agreement. In addition, the receiving party must deliver a copy of this Agreement promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Agreement and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation.**

(a) **Agreement Continues in Force**. Unless otherwise agreed or ordered, this Agreement shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation**. Within sixty days after dismissal or entry of final judgment not subject to further appeal, except as provided for in Subsection (c) below, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT" under this Agreement, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to

disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Agreement. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14. **Agreement Subject to Modification.** This Agreement shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. This Agreement is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, other than any person or entity who is required to respond to a subpoena served by a party in this matter. A person or entity whose documents are subject to a subpoena served by a party may

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

invoke the protection of the Court under this Agreement and, at the Court's discretion, designate documents as Confidential Information pursuant to this Agreement.

15. **No Waiver, Admission or Prior Judicial Determination.** This Agreement is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Mississippi or otherwise until such time as the Court may rule on a specific document or issue.

16. **Production of Privileged Information.** Pursuant to Federal Rule of Evidence 502, the production of any document, material, or other information during discovery in this action that a party later claims should not have been produced because of a privilege or other immunity from discovery, including but not limited to the attorney-client privilege or work product doctrine, will not be deemed to waive any privilege. A party or non-party may request the return of any such document, material, or other information by identifying the document produced and stating the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any such produced privileged document then in the custody of another party, the possessing party shall within five (5) days return to the requesting party the privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document any portions which contain or reflect the contents of the produced privileged item. The party returning such item may then move the Court for an order compelling

11

production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the production.

17. **Persons Bound.** This Agreement shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Agreement by its terms.

*So Ordered.*

Dated:   October 19, 2020            /s/ Jane M. Virden
                                     U.S. MAGISTRATE JUDGE

| | |
|---|---|
| **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** | **WE SO MOVE/STIPULATE and agree to abide by the terms of this Order** |
| /s/ *Erik D. Peterson* | /s/ *Mark L. Hanover* |
| Erik D. Peterson<br>MEHR FAIRBANKS & PETERSON TRIAL LAWYERS, PLLC<br>201 West Short Street<br>Suite 800<br>Lexington, KY 40507<br>859-225-3731<br>Fax: 859-225-3830<br>*edp@austinmehr.com* | Dale Gibson Russell<br>Blake Damon Smith<br>COPELAND, COOK, TAYLOR & BUSH<br>P.O. Box 6020<br>Ridgeland, MS 39158-2132<br>Telephone: (601) 856-7200<br>Facsimile: (601) 856-7626<br>drussell@cctb.com<br>bsmith@cctb.com |
| James Brandon McWherter<br>MCWHERTER SCOTT BOBBITT PLC<br>341 Cool Springs Blvd., Suite 230<br>Franklin, TN 37067<br>615-354-1144<br>Fax: 731-664-1540<br>*brandon@msb.law*<br><br>*Attorneys for Plaintiff*<br><br>Dated: October 16, 2020 | Mark L. Hanover (admitted *pro hac vice*)<br>Shannon Y. Shin (admitted *pro hac vice*)<br>Kristine M. Schanbacher (admitted *pro hac vice*)<br>DENTONS US LLP<br>233 S. Wacker Drive, Suite 5900<br>Chicago, IL 60606<br>Telephone: (312) 876-3453<br>Facsimile: (312) 876-7934<br>mark.hanover@dentons.com<br>shannon.shin@dentons.com<br>kristine.schanbacher@dentons.com<br><br>*Attorneys for Defendant Allstate Vehicle and Property Insurance Company*<br><br>Dated: October 16, 2020 |

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**FILLISA HUEY**, individually and on behalf
of all others similarly situated,

      Plaintiff,

    v.                        Case No. 4:19-cv-00153-GHD-JMV

**ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**,

      Defendant.

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Mississippi in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO CONFIDENTIALITY AGREEMENT in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____   _____
                        Signature