IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**FILLISA HUEY, individually and
on behalf all others similarly situated,**

No. 4:19-cv-00153-GHD-JMV

**Plaintiff,**

v.

**ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,**

**Defendant.**

## FINAL JUDGMENT AND ORDER

Plaintiff Fillisa Huey, individually and on behalf of the Settlement Class ("Plaintiff" or "Representative Plaintiff") and Defendant Allstate Vehicle and Property Insurance Company ("Defendant") agreed to settle this Action pursuant to the terms and conditions set forth in the Class Action Stipulation of Settlement Agreement, as modified by the Amendment to the Class Action Stipulation of Settlement ("Agreement").[1] On January 28, 2022, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement and provisionally certified the Settlement Class for settlement purposes only, and on May 26, 2022, the Court held a duly noticed final approval hearing.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Agreement.

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Motion for a Service Award to Class Representative and Awards of Attorneys' Fees, Costs, and Litigation Expenses to Class Counsel pursuant to Federal Rule of Civil Procedure ("Rule") 23(e)(2) (collectively, the Memoranda"). Dkts. 80 and 82.

The Court, having read and considered the Agreement and the Memoranda, having received evidence in advance of and at the hearing, and having heard argument by counsel, finds and holds as follows:

## FINDINGS OF FACT

1. Plaintiff filed the operative complaint, the First Amended Class Action Complaint (the "Amended Complaint"), alleging that Defendant violated applicable law and breached its contracts by improperly deducting Nonmaterial Depreciation from actual cash value payments when adjusting Structural Loss Claims under Mississippi homeowners insurance policies. Defendant has denied, and still denies, any liability, wrongdoing, and damages with respect to the matters alleged in the Amended Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and Defendant's counsel, Plaintiff and Defendant reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against Allstate.[2] The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service award. During the settlement

---

[2] As defined in the Settlement Agreement, Allstate means Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, and North Light Specialty Insurance Company.

2

negotiations, Class Counsel was well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

3. Plaintiff and Defendant executed the Agreement and exhibits thereto on January 18, 2022. The Agreement was modified by the Amendment to the Class Action Stipulation of Settlement, filed with the Court on January 25, 2022.

4. The Agreement is hereby incorporated by reference in this Final Judgment Order, and the definitions and terms set forth in the Agreement are hereby adopted and incorporated into and will have the same meanings in this Final Judgment Order.

5. On January 18, 2022, Plaintiff filed with the Court the Agreement along with an Unopposed Motion for Preliminary Approval of Class Settlement, Certification of the Settlement Class, and Scheduling a Final Approval Hearing.

6. On January 21, 2022, the Court, entered the initial Preliminary Approval Order, preliminarily approving the Agreement, preliminarily certifying the Settlement Class for settlement purposes only, and ultimately scheduling a hearing for May 26, 2022 at 10:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order ("Final Approval Hearing"). Dkt. 76. On January 25, 2022, the Parties filed the [Proposed] Amendment to the Class Action Stipulation of Settlement, which simply changed the third-party administrator for the Settlement from Angeion Group to Epiq Class Action and Claims Solutions, Inc. *See* Dkt. 77. On January 28, 2022, the Court entered its Amended Preliminary Class Settlement Approval Order, approving the proposed amendment. Dkt. 78.

7. As part of its Amended Preliminary Approval Order, the Court certified for settlement purposes a class ("Settlement Class") defined as:

> All policyholders, (except for those explicitly excluded below), under any property insurance policy issued by Allstate, who made: (i) a Structural Loss claim for property located in the State of Mississippi during the Class Period (October 11, 2016 through June 27, 2019); and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.
>
> The Settlement Class does not include: (i) policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor;" (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment; (iv) Allstate and its officers and directors; (v) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vi) Class Counsel and their immediate families.

8. On May 19, 2022, Plaintiff applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment Order. Dkt. 80. In support, Plaintiff submitted extensive argument and authority, along with various exhibits and evidence showing, *inter alia*: the dissemination and adequacy of the Class Notice, Claim Form, and Postcard Notice; the establishment of an automated Toll-free Number and Settlement Website; the names of potential Class Members who, per the terms of the Agreement, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Agreement; the fairness, reasonableness, and adequacy of the Agreement; and the fairness and reasonableness of Class Counsel's application for fees and the service award set forth in the Memoranda.

9. At the Final Approval Hearing, the Plaintiff referred to the following evidence in support of her motion concerning attorneys' fees, costs, and a service award:

| **Docket No.** | **Description** |
|---|---|
| 80-1 | Declaration of J. Brandon McWherter |
| 80-2 | Declaration of Erik D. Peterson |
| 84 | Declaration of Michelle M. La Count |

4

The Court considered this evidence for all purposes.

10. Plaintiff and the Administrator have satisfactorily demonstrated that the Class Notice, Claim Form, and Postcard Notice were mailed, and an automated Toll-free Number and Settlement Website were established in accordance with the Agreement and Amended Preliminary Approval Order.

11. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with such notice requirements.

12. The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, Defendant has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Agreement is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Agreement.

13. All potential Class Members were provided an opportunity to request exclusion as provided in the Agreement. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Settlement Class are Verna Bramlett, Charlie Mosby, and June Monroe, and are identified in Attachment 3 to the Declaration of Michelle M. La Count. Dkt. 84.

14. Class Members who did not timely file and serve a written objection in accordance with the procedure set forth in the Agreement and mandated in the Amended Preliminary Approval

Order, are deemed to have waived any such objection though any appeal, collateral attack, or otherwise.

15. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness and the adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Award. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendant's Counsel, but also rigorously and independently evaluated the Agreement and the Memoranda, and as such, the Court considered any arguments that could reasonably be made against approval of the Proposed Settlement, even if such argument was not actually presented to the Court by objection, pleading, or oral argument.

16. On the basis of the matters presented in this Action and the provisions of the Agreement, the Court is of the opinion that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Allstate, pursuant to Rule 23. In considering a number of factors, the Court finds that:

> (a) The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;
>
> (b) This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;
>
> (c) The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, and not a result of any collusion on the part of Class Counsel and Defendant; and
>
> (d) Class Counsel's request for an award of fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Agreement.

6

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## CONCLUSIONS OF LAW

17. The Court has personal jurisdiction over Plaintiff, Defendant, and Class Members; venue is proper, because the underlying claims arose in this District, and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Agreement, to grant final certification of the Settlement Class, to settle and release all claims arising out of Action, and to enter this Final Judgment Order and dismiss this Action on the merits and with prejudice.

18. The Court concludes that the Settlement Class meets all the requirements of Rule 23, the Due Process Clause of the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Amended Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the class certification ruling, the Court specifically finds as follows: the Class Members are ascertainable and too numerous to be joined; questions of law and fact are common to all Class Members; the Representative Plaintiff's claims are typical of those of the Settlement Class; the Representative Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement; and Class Counsel meets the standard for appointment.

19. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, Claim Form, and Postcard Notice were mailed to potential Class Members in accordance with the provisions of the Amended Preliminary Approval Order, and together with the automated Toll-free Number and the Settlement Website:

7

(i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

20. The Final Approval Hearing and evidence before the Court clearly support a finding that the Agreement was entered into in good faith after arm's length negotiations between Plaintiff and Defendant, and the Court does hereby so find.

21. The Court finds that approval of the Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

22. A review of the following factors (the "*Reed* factors"), and the factors set forth in Federal Rule of Civil Procedure 23(e), support a finding that the Settlement is fair, reasonable and adequate:

    a. The absence of any fraud or collusion behind the Settlement;

    b. The complexity, expense, and likely duration of the litigation;

    c. The stage of the proceedings and the amount of discovery completed;

    d. The probability of Plaintiff's success on the merits;

    e. The range of possible recovery; and

    f. The opinions of Class Counsel, the Representative Plaintiff, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983); *see also Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 293 (5th Cir. 2017).

23. The notice campaign was highly successful and resulted in notice being mailed to over 2,000 potential Class Members; only three (3) Persons requested exclusion from the Settlement Class and zero (0) Class Members filed objections to the Agreement. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

24. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that were filed or that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Agreement and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Reed* factors.

25. The claim process as set forth in the Agreement is fair, reasonable, and adequate to Class Members. Any Class Member who did not timely request exclusion from the Settlement Class in accordance with the Agreement is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

26. Class Counsel's request for $336,000 in attorneys' fees and expenses and the Representative Plaintiff's service award of $7,500, to be paid by Defendant, are fair, reasonable, and adequate, based on a review of the following "*Johnson* factors":

   a. The time and labor involved;
   b. The novelty and difficulty of the questions;
   c. The skill requisite to perform the legal service properly;
   d. The preclusion of other employment by Class Counsel due to acceptance of the case;
   e. The customary fee for similar work in the community;
   f. Whether the fee is fixed or contingent;

    g.    Time limitations imposed by the client or the circumstances;

    h.    The amount involved and the results obtained;

    i.    The experience, reputation, and ability of Class Counsel;

    j.    The political undesirability of the case;

    k.    The nature and length of the professional relationship with the client; and

    l.    Awards in similar cases.

*See in re: £High Sulfur Content Gasoline Prod. Liab. Litig.*, 384 F. App'x 299, 300-01 (5th Cir. 2010) (applying the *Johnson* factors to evaluate reasonableness of fee award).

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

27.    The objections to the Agreement, if any, are hereby overruled.

28.    Pursuant to Rule 23 final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Agreement.

29.    Timely requests for exclusion were submitted by three (3) potential members of the Settlement Class and those potential Class Members, (identified above and in Attachment 3 to the Declaration of Michelle M. La Count (Dkt. 84)), are excluded from the Settlement Class and are free to pursue their claims against the Defendant or Defendants as they deem appropriate. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment Order and by the Agreement, including the releases provided for in the Agreement and this Final Judgment Order.

30.    Plaintiff's Motion for Final Approval is hereby **GRANTED** and all provisions and terms of the Agreement are hereby finally approved in all respects. The Parties to the Agreement are directed to consummate the Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

31. This Final Judgment Order shall be immediately entered as to all claims in the Action between the Representative Plaintiff and Class Members and Allstate, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Agreement, fully and finally terminating all claims of the Representative Plaintiff and the Settlement Class in this Action against Allstate, on the merits, with prejudice, and without leave to amend. The Court expressly determines that there is no just reason for delay in entering the Final Judgment Order.

32. Pursuant to Rule 23(a) and (g), Plaintiff Fillisa Huey is appointed as the Representative Plaintiff for the Settlement Class, and the following counsel are appointed as counsel for the Settlement Class ("Class Counsel"):

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
249 E. Main St.
Suite 150
Lexington, KY 40507
Telephone: 800-614-1957
erik@eplo.law

James Brandon McWherter
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone: 615-354-1144
Facsimile: 731-664-1540
brandon@msb.law

33. Upon the entry of this Final Judgment Order, the Representative Plaintiff, all Class Members who did not timely and property exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment Order and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Agreement, and shall be conclusively bound by this Final Judgment Order under the doctrines of

res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Agreement. The Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

34. Although the definitions in the Agreement are incorporated in and are part of this Final Judgment Order the following definitions from the Agreement are repeated for ease of reference:

    (a)    "Released Claims" means and includes any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Period, whether ex contractu or ex delicto, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual, punitive, or/and exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that the Plaintiff or any Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to: (i) Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or (ii) the allegations and claims contained in the Amended Complaint in the Action, and/or which could have been alleged in the Amended Complaint, concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software. Released Claims do not include: (a) claims arising after the Effective Date; (b) Class Members' rights and obligations under this Agreement; and (c) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance with this Agreement.

    (b)    "Released Persons" means: (i) Allstate and all of its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees,

stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

(c) "Releasing Persons" mean Plaintiff and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

35. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment Order, the Court permanently and forever bars and enjoins the Representative Plaintiff and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

36. This Final Judgment Order, the Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions or other documents specifically related to the Agreement shall not be: (a) construed as an admission or concession by Allstate of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Allstate; (b) offered into evidence in this Action in support of or in opposition to any potential motion to certify or decertify; and (c) used in any way as precedent for any purportedly similar matter

37. Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

38. Confidential Information of Allstate shall be protected from disclosure and handled in accordance with the terms of the Agreement, and Class Counsel and any other attorneys for Plaintiff in this Action shall destroy or return to Defendant's Counsel all Confidential Information, in their possession, custody, or control as set forth in the Agreement.

39. Class Counsel's motion concerning attorneys' fees, litigation costs, and a service award is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $336,000 in attorneys' fees and costs. In addition, the Court awards the Representative Plaintiff a service award of $7,500. The Court hereby finds that these amounts are fair and reasonable. Defendant shall pay such fees and expenses to Class Counsel and the service award to the Representative Plaintiff pursuant to the terms of the Agreement. Allstate shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

40. Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Agreement.

41. The Court appoints Robert Gibbs of Gibbs Travis PLLC and/or Anne Veazy of Mississippi Mediation & Arbitration as the Neutral Evaluator(s) to carry out the duties and responsibilities set forth in the Agreement. Plaintiff, Class Counsel, Allstate, and Defendant's Counsel shall not be liable for any act or omission of the Neutral Evaluator(s).

42. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Agreement.

43. The Action is dismissed in its entirety on the merits, with prejudice, without leave to amend, and without fees or costs to any party, except as otherwise provided herein, and this case is CLOSED.

44. Without in any way affecting the finality of this Final Judgment Order, this Court shall retain continuing jurisdiction over this Action for purposes of:

    (a) Enforcing the Agreement and the Proposed Settlement;

    (b) Hearing and determining any application by any party to the Agreement for a settlement bar order; and

    (c) Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED THIS 26 DAY OF May, 2022.

                                                                                 _____
                                                                                 SENIOR U.S. DISTRICT JUDGE